UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SUGANYA KHANTHAN, <br><br> Plaintiff, <br><br> v. <br><br> CVS HEALTH (*individually)* and d/b/a CVS <br> CVS <br> CVS PHARMACY, <br> SUNJAY KOLHI (*individually*), <br> CHRISTOPHER BRYANT (*individually*), and <br> JOSIE STEWART (*individually*), <br><br> Defendants. | CIVIL ACTION NO. 22-2593 <br><br> PLAINTIFF REQUESTS TRIAL BY JURY |

Plaintiff, Suganya Khanthan, by and through undersigned counsel hereby files this Civil Action Complaint against Defendants, CVS Health, individually and d/b/a CVS, CVA Pharmacy, CVS, Sunjay Kolhi (individually), Christopher Bryant, (individually), and Josie Stewart (individually) (collectively "Defendants") and upon information and belief avers the following:

## **PARTIES**

1. Plaintiff, Suganya Khanthan ("Ms. Khanthan" or "Plaintiff") is an adult individual who resides in the Commonwealth of Pennsylvania with an address for purposes of correspondence at 2040 Jason Drive, Apt A, Huntingdon Valley, PA 19006.

2. Defendant, CVS Health individually and d/b/a CVS, is a business organization existing under the laws of the Commonwealth of Pennsylvania which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with an address for the purposes of service at 765 E County Line Road, Hatboro, PA 19040.

3. Defendant, CVS is a business organization existing under the laws of the Commonwealth of Pennsylvania which is licensed to and regularly transacts business in the

Commonwealth of Pennsylvania with an address for the purposes of service at 765 E County Line Road, Hatboro, PA 19040.

4. Defendant, CVS Pharmacy, is a business organization existing under the laws of the Commonwealth of Pennsylvania which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with an address for the purposes of service at 765 E County Line Road, Hatboro, PA 19040.

5. Defendant, Sunjay Kolhi (individually) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at 765 E County Line Road, Hatboro, PA 19040.

6. Defendant, Christopher Bryant (individually) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at 1 Berry Drive, Lumberton, NJ 08048.

7. Defendant, Josie Stewart (individually) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of service at 765 E County Line Road, Hatboro, PA 19040.

8. Defendant, Josie Stewart was a floater and worked at various stores including the above referenced store where Plaintiff worked.

9. At all times relevant to this complaint of Discrimination Defendants, Sunjay Kolhi, Christopher Bryant, and Josie Stewart held supervisory authority over Plaintiff, Suganya Khanthan.

10. The individual Defendants all had the authority to take a tangible employment action against Plaintiff including but not limited to disciplinary action, change in benefits and schedule and termination.

11. At all times material to this civil action, Defendants were Plaintiff's joint and sole employers.

## NATURE OF THE CASE

12. Plaintiff complains pursuant to the American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq* ("ADA"); the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"); under the laws of the Commonwealth of Pennsylvania, and seeks damages to redress injuries Plaintiff suffered as a result of discrimination and retaliation which ultimately led to Plaintiff's unlawful termination by his employer.

## JURISDICTION AND VENUE

13. This action involves a Question of Federal Law under the Americans with Disabilities Act.

14. The honorable Court has supplemental jurisdiction over the Commonwealth law Causes of Action.

15. Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in Montgomery County where the discrimination complained of occurred.

16. On or around December 23, 2021, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein. Plaintiff filed his Charge of Discrimination at the EEOC based on the unlawful discrimination and retaliation to which Defendants subjected Plaintiff. Plaintiff's Charges of Discrimination was then cross-filed at the Pennsylvania Human Relations Commission.

17. Plaintiff's Charge of Discrimination under Title VII is ripe for filing a lawsuit, however, Plaintiff's rights under the Pennsylvania Human Relations Act will not be ripe until it

has been at least one year since the date when Plaintiff filed her Charge with the EEOC and dual filed it with the Pennsylvania Human Relations Commission.

18.     Below, in Count III, Count IV, and Count V, Plaintiff has included what allegations Plaintiff will include in this complaint at the time when it has been at least one year since Plaintiff's Charge was dual filed with the Pennsylvania Human Relations Commission, however, Plaintiff is not included Counts III, IV, or V in this lawsuit until that time.

19.     Counts III, IV, and V are included below to demonstrate when additional allegations Plaintiff intends to present at the time when Plaintiff is permitted to include them in her case.

20.     On April 4, 2022, the EEOC issued Plaintiff a Dismissal and Notice of Rights with respect to the Charge Plaintiff filed.

21.     This action is commenced within ninety (90) days of the date when the Plaintiff received the Dismissal and Notice of Rights the Charge Plaintiff filed.

## MATERIAL FACTS

22.     Plaintiff, Suganya Khanthan, suffers from Fibromyalgia (hereinafter "disability"). Plaintiff's disability is often accompanied by fatigue, altered sleep schedule, memory loss, and mood swings, widespread muscle pain and tenderness.

23.     Plaintiff's disability is related to medical issues that Plaintiff has related to a possible pituitary tumor. Plaintiff sought and received medical treatment for both.

24.     Plaintiff takes medications, attends therapy, and stress reduction to help reduce symptoms.

25.     Plaintiff's disability qualifies as a disability under the American with Disabilities Act as Plaintiff's disability substantially limited one or more major life activities, including sleeping, working, eating, and exercising.

26. Plaintiff, Suganya Khanthan began her employment for Defendants in February 2019.

27. Upon hire, Plaintiff, Suganya Khanthan disclosed her disability to Defendant CVS Health's former Pharmacy Manager, Pat Watkins.

28. Pat Watkins provided Plaintiff with reasonable accommodations for Plaintiff's disability including working with Plaintiff's schedule, allowing Plaintiff to take unscheduled breaks and sit down, and allowing Plaintiff to leave early.

29. Pat Watkins informed Plaintiff that he was willing to work with Plaintiff and to accommodate Plaintiff's requests for reasonable accommodations.

30. Plaintiff was provided reasonable accommodations by Defendants, through Pat Watkins, for about one-and-a-half years.

31. In or around November 2020, Defendant CVS Health hired Defendant, Sunjay Kolhi, as the new former Pharmacy Manager.

32. Plaintiff immediately notified Defendant, Sunjay Kolhi about Plaintiff's disability and requests for reasonable accommodations so that Plaintiff could perform the necessary functions of her employment.

33. Defendant, Sunjay Kolhi began to subject Plaintiff to disability discrimination and subjected Plaintiff to comments and conduct intending to make Plaintiff's work more difficult.

34. On or around January 6, 2021, Plaintiff disclosed her disability to Defendant Kolhi by providing Defendant with a letter.

35. Thereafter Defendant Kolhi immediately began to subject Plaintiff to discrimination and harassment due to her disability.

36. In or around mid-January 2021, Defendant Kolhi began to change the terms and conditions of Plaintiff's employment, without providing Plaintiff with any legitimate reason for the changes.

37. By way of example, Defendant Kolhi began to change Plaintiff's responsibilities, and told her not to count pills anymore. Plaintiff was only able to work the cash register.

38. Beginning March 2021, Defendant Kolhi reduced Plaintiff's work schedule and limited her to just three (3) shifts per week.

39. At the beginning of March 2021, the schedule changed and Suganya Khanthan was scheduled for 3 days per week: Wednesday, Thursday and Friday.

40. Suganya Khanthan continued to work Monday and Tuesday throughout March 2021, even though she was not on the schedule. These shift changes were approved by Defendants at all times.

41. In order to punch in on a day when Plaintiff was not scheduled required a manager override.

42. Suganya Khanthan did receive a manager override for the days when she worked and was not on the schedule, up until March 29, 2021.

43. Plaintiff's hours were reduced by 6 hours per week by Defendant, Sunjay Kolhi. This was a tangible employment action that Defendants took against Plaintiff due to Plaintiff's disability under the ADA.

44. At all times relevant to this complaint, Defendants were in need for employees to work extra hours at the store.

45. As a result, Plaintiff began to visit the store to help by working extra hours.

46. On March 29, 2021, Plaintiff arrived at the store and needed the manager override in order to clock in.

47. By this time, Defendants had regularly provided Plaintiff with a manager override so that Plaintiff could work extra hours as the store needed.

48. Plaintiff asked Defendants' Store Manager, Josie Stewart, for a manager override on March 29, 2021, so that Plaintiff could clock in.

49. Defendant Stewart responded and said that she could not override the system for Plaintiff to clock in, and that Plaintiff would have to talk to Defendant Kolhi to override the clock-in system.

50. Plaintiff spoke to Defendant Kolhi as directed, and was told that, "you're not scheduled for today. You cannot be here."

51. Defendant, Kolhi was aggrieve and combative and raised his voice to Plaintiff and became irate.

52. Defendant Kolhi became combative, aggressive and ordered Plaintiff to get out of the store immediately.

53. Defendant, Kolhi was violently yelling at Plaintiff.

54. Plaintiff explained that she understood that she was not on the schedule and came to the store, as she had been doing for at least the previous two weeks, to alleviate Defendants' staffing shortage.

55. Plaintiff reminded Defendant Kolhi that he had informed the staff that there was a need for employees to work extra hours.

56. Defendant Kolhi said, "you have to earn your hours. Everyone else is permitted to work extra hours."

57. Defendant Stewart then told Plaintiff to immediately leave the store.

58. Defendant Stewart said to Plaintiff, "if you do not leave the store right now, I am calling the police and your career is done at CVS."

59. Plaintiff stated that she would leave but requested a copy of her schedule.

60. Defendants refused to give Plaintiff a copy of her schedule until the police arrived.

61. Defendants called the police on Plaintiff and informed the police that there was an individual at the store who they needed help physically removing from the store.

62. Defendants did not even explain to the police that Plaintiff was an employee of that store and was there to work her shift and/or to fill-in for a much-needed staff shortage caused by the COVID19 pandemic.

63. Accordingly, the police were called by Defendants, who lied to the policy and misrepresented the facts that Plaintiff was an employee with a lawful reason to be at that store.

64. Once the police arrived, they informed Defendants that Plaintiff was not breaking any laws and the police refused to escort Plaintiff out of the store.

65. Defendants were rebuked by the police for involving the policy in what was essentially Defendants discrimination and harassment in the workplace.

66. At all times, Defendants were subjecting Plaintiff to discrimination and harassment in the workplace due to Plaintiff's disability under the ADA.

67. Thereafter, Defendant Kolhi informed Plaintiff that Defendant's District Manager, Defendant Chris Bryant, was on the telephone and wanted to speak to her.

68. Defendant Bryant told Plaintiff that she could not return to work until an investigation was conducted on the events of the day.

69. Plaintiff was not permitted to work since the March 29, 2021, incident.

70. At all times the March 29, 2021, incident was caused by Defendants discrimination and harassment in the workplace and was the culmination of non-stop, continuous, discrimination to which Plaintiff was subjected because of her disability under the ADA.

71. On May 18, 2021, Defendants Kolhi and Bryant called Plaintiff into a meeting to discuss the March 29, 2021, incident.

72. Plaintiff attended the meeting. At the end of the meeting Defendants Kohli and Bryant informed Plaintiff that they would follow up with Plaintiff on the status of her employment.

73. On July 9, 2021, Defendants fired Plaintiff for allegedly abandoning her job.

74. Defendants' allegation was false. In reality, Defendants refused to allow Plaintiff to return to work.

75. At all times, Plaintiff remained willing, ready, and able to work for Defendants and fulfill the necessary functions of her employment with or without a reasonable accommodation.

76. Defendants stated reason for terminating Plaintiff's employment is pretext to hide Defendants unlawful conduct and comments aimed toward terminating Plaintiff because of her disability.

77. Defendants' refusal to allow Plaintiff to return to work was also a violation of Plaintiff's rights under the Americas with Disabilities Act ("ADA") as Defendants terminated Plaintiff's employment based on Defendants discriminatory notions of what it would be like to employ an individual with a disability or perceived disability under the ADA.

78. At all times, Defendants subjected Plaintiff to severe and pervasive discrimination and harassment in the workplace by subjecting Plaintiff to a hostile work environment.

79. Plaintiff was subjected to continuous statements, insults, and condescension related to her disability under the ADA.

80. Plaintiff was subjected to abusive comments and conduct related to her disability.

81. Defendants refused to consider Plaintiff's requests for reasonable accommodations.

82. Defendants discontinued the reasonable accommodations that were provided to Plaintiff for years without any notice and without any interactive process.

83. Defendants refused to engage Plaintiff in an interactive process to discuss Plaintiff's request for reasonable accommodations.

84. As a result of Defendants' conduct, Plaintiff, Suganya Khanthan was caused to sustain serious and permanent personal injuries, including permanent psychological injuries and including any aggravation to any pre-existing conditions.

85. Plaintiff suffers from anxiety, fear, and nightmares relating to Defendants and Defendants' employees' unlawful conduct. Plaintiff is unable to sleep or eat.

86. As a result of Defendants' conduct, Plaintiff has been humiliated, degraded, victimized, embarrassed and emotionally distressed.

87. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer a loss of income, a loss of salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

88. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

89. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

90. The above are just some of the examples of the discrimination and retaliation to which Defendants subjected Plaintiff.

91. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

92. At all times Defendants including Defendant Kolhi and Defendant Bryant created a hostile and abusive work environment that resulted in discrimination based on race, color and national origin.

93. As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

94. Plaintiff suffers from anxiety, fear, and nightmares relating to Defendants and Defendants' employees conduct. Plaintiff is unable to sleep or eat.

95. As a result of Defendants' conduct, Plaintiff has been humiliated, degraded, victimized, embarrassed and emotionally distressed.

96. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer a loss of income, a loss of salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

97. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

98. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

99. The above are just some of the examples of the discrimination and retaliation to which Defendants subjected Plaintiff.

100. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

101. Plaintiff claims actual and/or constructive termination based on her membership in a protected class and therefore seeks reinstatement.

## COUNT I
## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT
(against corporate Defendants only)

102. Plaintiff hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

103. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

104. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

105. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability.

106. As such, Plaintiff has been damaged as set forth herein.

107. Defendants refused to provide reasonable accommodations and subjected Plaintiff to retaliation as a result of Plaintiff's disability.

108. Plaintiff was terminated due to her disability.

109. The reason offered by Defendant for Plaintiff's termination is pretext and the actual reason for Plaintiff's termination is due to Plaintiff's disability.

## COUNT II
## RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT
**(against corporate Defendants only)**

110. Plaintiff hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

111. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

112. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter IV, Section 12203, Discrimination [Section 102] states:

   a. "(a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
   b. (b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

113. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff due to Plaintiff's reports of discrimination and harassment in the workplace.

114. As such, Plaintiff has been damaged as set forth herein.

## COUNT III
## DISCRIMINATION UNDER STATE LAW
**(against corporate Defendants only)**

115. Plaintiff hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

116. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the

13

blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

117. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's disability.

118. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## COUNT IV
## RETALIATION UNDER STATE LAW
### (against all Defendants)

119. Plaintiff hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

120. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: "For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

121. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## COUNT V
## DISCRIMINATION UNDER STATE LAW
### (against individual Defendants only and not against corporate Defendants)

122. Plaintiff hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

123. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: "For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

124. Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

125. The individual Defendants violated Plaintiff's rights by taking part and aiding and abetting the disparate treatment to which Plaintiff was subjected as described above.

126. The individual Defendants refused to even discuss or notify Plaintiff about Plaintiff's rights.

Instead of notice and discussion, the individual Defendants engaged in a campaign of discrimination and disparate treatment which led directly to Plaintiff's unlawful termination.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages,

statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

        **DEREK SMITH LAW GROUP, PLLC**

BY: */s/Seth D. Carson*
      Seth D. Carson, Esq.
      1835 Market Street, Suite 2950
      Philadelphia, PA 19103
      Phone: 215.391.4790
      Email: seth@dereksmithlaw.com
      *Attorney for Plaintiff*

DATED: July 3, 2022